IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

REV GROUP, INC.; E-ONE, INC.,

Plaintiffs,

v.

RICHARD KNUTZ,

Defendant.

**OPINION & ORDER**

Civ. No. 6:25-cv-02234-AA

AIKEN, District Judge:

Before the Court is a Joint Motion for Permanent Injunction, ECF No. 18, filed by Plaintiffs REV Group, Inc. and E-ONE, Inc. and Defendant Richard Knutz. For the reasons explained below, the Motion, ECF No. 18, is GRANTED.

On December 3, 2025, Plaintiffs commenced suit against Defendant, a former employee, for alleged violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 *et seq.*, breach of contract, and conversion. Compl., ECF No. 1. Defendant was served but failed to respond to the suit. On December 19, 2025, Plaintiffs filed a Motion for Preliminary Injunction against Defendant seeking return of the employer's laptop and an accounting of the location and use of employer's spreadsheet, alleged to contain trade secrets. ECF No. 8. Again, Defendant failed to respond. On March 23, 2026, the Court granted the Preliminary Injunction and directed Defendant to return the laptop, enjoined him from further use or sharing of

the employer's spreadsheet, and ordered Defendant to provide an accounting of the location of the employer's spreadsheet and an accounting of any employer information still in Defendant's possession, custody or control. ECF No. 11.

The parties have conferred and reached a settlement. As a material term of that settlement, the parties have stipulated to a permanent injunction that resolves all matters in this case.

"Stipulations entering injunctions are typically upheld." *Adobe Sys. Inc., a Delaware Corp. v. Last Chance Buys, Inc.*, No. 3:15-CV-05038-HSG, 2016 WL 3648607, at *2 (N.D. Cal. July 8, 2016); *see also Dexter v. Kirschner*, 984 F.2d 979, 984 (9th Cir. 1992) (stipulations between parties are generally adopted by courts and should not be lightly set aside); *Levi Strauss & Co. v. California Denim Res. Inc.*, No. C 00-0415 MMC, 2001 WL 348973, at *2 (N.D. Cal. Mar. 16, 2001) (entering permanent injunction in connection with a settlement); *Shawarma Stackz LLC v. Jwad*, No. 21-CV-01263-BAS-BGS, 2022 WL 1228005, at *1 (S.D. Cal. Apr. 25, 2022) (same).

The Court has reviewed the parties' Permanent Injunction. Attached to this Opinion & Order is the signed Permanent Injunction, originally filed in the Joint Motion, ECF No. 18.

## CONCLUSION

For the reasons explained above, the Joint Motion for Permanent Injunction, ECF No. 18, is GRANTED. Judgment shall be entered accordingly. It is ORDERED that:

Pursuant to Fed. R. Civ. P. 65, Defendant Richard Knutz ("Knutz"), and those acting in concert or participation with him who receive notice of this Injunction, are hereby enjoined as follows:

(i) Knutz shall not possess, use, or disclose any confidential, proprietary, or protected information belonging to or originating from REV Group, Inc. ("REV") and E-ONE, Inc. ("E-ONE") (the "REV Information").

(ii) Within forty-eight (48) hours of the entry of this Injunction, Knutz shall: (i) conduct a diligent search for any REV Information in his possession, custody, or control, including in any electronic mail account, cloud storage account, hard-copy files, and other potential repositories; (ii) disclose to counsel for REV and E-ONE any documents located, providing copies of the same upon request; (iii) following confirmation from counsel for REV and E-ONE, permanently delete and destroy all such documents, retaining no copies; and (iv) sign the Declaration of Compliance attached hereto as Exhibit A.

(iii) Within forty-eight (48) hours of the entry of this Injunction, Knutz shall provide counsel for REV and E-ONE a sworn accounting of all disclosures, transmittals, copying, or other transfers he has made of any of REV Information to any third party or location since November 11, 2025.

This Injunction is binding upon the parties, and their respective successors, assigns, and heirs, and those acting in concert or participation with them. The Court will retain jurisdiction over this action for the purpose of implementing and enforcing this Injunction and related settlement between the parties, and all parties consent to the personal jurisdiction and subject matter jurisdiction of this Court for purposes of the same. All remaining case deadlines are hereby VACATED. An order of dismissal of this matter will follow by separate order.

It is so ORDERED and DATED this 28th day of August 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge